Frank I. SANCHEZ, et al., Plaintiffs,

v.

Bruce KING, Governor of New Mexico, et al., Defendants.

Raymond VARGAS, et al., Plaintiffs,

v.

Shirley HOOPER, Individually and as Secretary of State of the State of New Mexico, et al., Defendants.

D. H. "Chili" YAZZIE, et al., Plaintiffs,

v.

Shirley HOOPER, Secretary of State of New Mexico, et al., Defendants.

Ronald G. OLGUIN, et al., Plaintiffs,

v.

Shirley HOOPER, Individually and as Secretary of State, et al., Defendants.

Patricia M. MARSH, Plaintiff,

v.

Bruce KING, Individually and as Governor of the State of New Mexico, et al., Defendants.

Civ. Nos. 82–67–M, 82–84–C, 82–180–C, 82–219–JB and 82–246–JB.

United States District Court,
D. New Mexico.

April 8, 1982.

Judgment Affirmed Oct. 4, 1982.
See 103 S.Ct. 32.

Charles C. Spann, Spann, Latimer & Hollowwa, Albuquerque, N.M., Paul J. Kelly, Jr., Hinkle, Cox, Eaton, Coffield & Hensley, Roswell, N.M., for defendants.

Rolando L. Rios, T.A., Southwest Voter Registration Education Project, San Anto-

nio, Tex., Stanley A. Halpin, Jr., Richard N. Feferman, New Mexico Legal Services Support Project, Albuquerque, N.M., Antonio V. Silva, Manuel J. Lopez, Southern New Mexico Legal Services, Inc., Las Cruces, N.M., Bruce Boynton, Indian Pueblo Legal Services, Inc., Laguna, N.M., Michael M. Carrasco, Carlsbad, N.M., Ellen Leitzer, Nat. Indian Youth Council, Inc., Joseph Little, All Indian Pueblo Council, Albuquerque, N.M., for Sanchez, Polano, Martinez, Hermosillo, Manus, Yazzie and Garcia.

Raymond W. Schowers, Sutin, Thayer & Browne, Albuquerque, N.M., for plaintiff in intervention.

William Lutz, U.S. Atty., Bob Baca, Asst. U.S. Atty., Albuquerque, N.M., James M. Schermerhorn, Sheila K. Delaney, Joseph S. Biderman, Civil Rights Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-in-intervention, U.S.A.

Michael P. Gross, Ronald J. VanAmberg, Santa Fe, N.M., for plaintiff-in-intervention, Bill Richardson.

Sarah M. Bradley, Bradley & McCulloch, Albuquerque, N.M., for Republican plaintiff intervenors.

Carol S. Leach, Philip R. Higdon, Bingaman & Higdon, P.A., Santa Fe, N.M., for Democratic plaintiff intervenors.

Joseph Goldberg and Luis Stelzner, and John W. Boyd, Freedman, Boyd & Daniels, Albuquerque, N.M., for Vargas, Vadez and American Civil Liberties Union of New Mexico.

Bruce P. Moore, Santa Fe, N.M., for Olguin and Olguin.

Pope, Apodaca & Conroy, John W. Pope, Belen, N.M., for Marsh.

Henry S. Howe, San Juan County Legal Services, Inc., Farmington, N.M., for Yazzie, Ondelacy and Pinnicoose.

Before SETH, Chief Circuit Judge, and MECHEM and BURCIAGA, District Judges.

## MEMORANDUM OPINION AND ORDER

■ The record demonstrates that the application of the formula for ascertaining precinct population mandated by the 1982 House Reapportionment Act and the 1982 Senate Reapportionment Act passed by the New Mexico Legislature in special session causes substantial variations between the numbers thereby derived and United States Census figures. This comes about by reason of the inclusion of the *total vote* cast as an element of the formula. These variations are not constant throughout the counties, districts or precincts. With respect to House districts created by the 1982 Reapportionment Act, the maximum deviation of actual population from the population ideal is 94%. With respect to Senate districts, the maximum deviation from the population ideal is 83%. The disparities have such consequence that we conclude that the "votes cast formula" in Section 6 of both Acts leads to a result which is constitutionally impermissible.

■ The recitations in each of the Acts as to their reasons and purposes cannot be regarded as ground for an exception to a reliance on population figures. "Population is, of necessity, the starting point for consideration and the controlling criterion for judgment in legislative apportionment controversies." *Reynolds v. Sims,* 377 U.S. 533, 567, 84 S.Ct. 1362, 1384, 12 L.Ed.2d 506 (1964). Use of a registered voter or actual voter basis in reapportionment can be sustained only when it produces "a distribution of legislators not substantially different from that which would have resulted from the use of a permissible population basis." *Burns v. Richardson,* 384 U.S. 73, 93, 86 S.Ct. 1286, 1297, 16 L.Ed.2d 376 (1966). And while a state can justify the consideration of factors other than population by showing that those considerations further a rational state policy, those factors "cannot constitutionally be permitted to emasculate the goal of substantial equality." *Mahan v. Howell,* 410 U.S. 315, 326, 93 S.Ct. 979, 985, 35 L.Ed.2d 320 (1973).

■ Reapportionment is a legislative function, and the location and shape of dis-

tricts is within the discretion of the State Legislature so long as the Constitution is complied with. Factors other than numbers may be appropriate ingredients. Courts are not designed to perform the task of reapportionment and judicial relief becomes appropriate only when a State Legislature fails to reapportion according to federal constitutional standards, after having had an adequate opportunity to do so. *Reynolds v. Sims,* 377 U.S. 533, 586, 84 S.Ct. 1362, 1394, 12 L.Ed.2d 506 (1964). Accordingly, we will allow the New Mexico Legislature an adequate opportunity to reapportion itself. The Legislature must make an honest and good-faith effort to construct the legislative districts as nearly of equal population as is practicable. *Reynolds v. Sims,* at 577, 84 S.Ct. at 1389.

There was much testimony at the hearing as to the accuracy of the census count, and the use of "substitutions" and "imputations" when actual counts could not be made. The fact remains, however, that the census figures, with adjustments for obvious errors which can always occur, are the only reliable and official figures available.

These census figures are, however, derived from blocks or enumeration districts, the boundaries of which do not coincide, for the most part, with precinct lines. The census blocks or districts use boundaries which are visible to the enumerators on the ground while precinct boundaries do not necessarily follow features on the ground such as roads, ditches or streets. Since the boundaries of the two geographical areas do not coincide, and if the census figures are to be used, it is necessary to allocate population figures from the census areas to the precincts to obtain a precinct count.

This allocation of numbers required when the block or enumeration districts cross precinct lines is a matter, according to the record, which must be carefully done with some knowledge of the community or area and with the use of notations on maps. The record shows that such allocations made by the Bureau of Census, which covered only a limited number of areas, were the product of clerical functions made in the Wash-

ington office. Similar clerical functions are available to the State, and no reason appears why the State cannot make similar allocations. However, we do not attempt to instruct the Legislature on the method to employ in again attempting reapportionment. What we do require is that the Legislature employ a good-faith effort to construct legislative districts on the basis of actual population. Now, Therefore,

IT IS ADJUDGED and DECREED that the 1982 Reapportionment of the New Mexico Legislature, 1982 New Mexico Laws Chapters I and II is unconstitutional.