The Honorable Bruce Hawkins State Representative 211 East Church Morrilton, AR 72110
Dear Representative Hawkins:
This is in response to your request for an opinion as to whether voting age data or total population data should be used by the election commission in setting Justice of the Peace districts.
In my opinion, the answer to your question is that it is permissible for the election commission to use either voting age data or total population data in setting its Justice of the Peace districts provided that, if the commission uses voting age data, the results of the redistricting are not substantially different from a redistricting based on total population data.
Most jurisdictions rely on census data (i.e., total citizen population) to redistrict; however, use of alternative population bases and censuses (such as voting age data) for redistricting has been upheld. Case law generally reflects the position that alternative population bases may be used in redistricting provided that the alternative base is used uniformly and the results are comparable to results achievable under a total citizen population-based plan.[1]
The Supreme Court in Burns v. Richardson, 384 U.S. 73,86 S.Ct. 1286 (1966) upheld a legislative redistricting plan which was based on numbers of registered voters. The Court allowed the use of the alternative population base after finding that the results were not substantially different from results of a redistricting based on total citizen population. In Ely v. Klahr,403 U.S. 108, 91 S.Ct. 1803 (1971), the Supreme Court found that a legislative redistricting plan could utilize registered voter data only if the result would be a "distribution of legislators not substantially different from that which would have resulted from the use of a permissible population basis."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] See, e.g., Carpenter v. Hammond, 667 P.2d 1204
(Alaska 1983); Bacon v. Carlin, 575 F.Supp. 763 (D.Kan. 1983),aff'd mem., 466 U.S. 966 (1984); Sanchez v. King,550 F.Supp. 13 (D. N.Mex. 1982), aff'd mem., 459 U.S. 801 (1982); McGovernv. Connolly, 637 F.Supp. 111 (D.Mass. 1986); Cuomo v.Baldridge, 674 F.Supp. 1089 (S.D.N.Y. 1987).