B. Thomas VIGIL, Holm Bursum, Joe Mohorovic, and William E. Sharer, Plaintiffs,

and

Michael Jepsen, Carmen Garza, Maxine Velasquez, Harold Bailey, Reta Dominguez, Virginia Gillmer, Max Coll, Raymond Ruiz, Victor Gutierrez, Marlene Sherman, Stuart Ingle, Ted Hobbs, Sue Wilson Beffert, Lee Rawson, Brian Moore, Mark Boitano, Daniel Foley, Carson Vicenti, and Jicarilla Apache Nation, Plaintiffs–Intervenors,

v.

Ben LUJAN, Jr., Speaker of the House of Representatives of the State of New Mexico, in his official capacity, Walter Bradley, Lieutenant Governor of the State of New Mexico, and Presiding Officer of the New Mexico Senate, in his official capacity, and Gary E. Johnson, Governor of the State of New Mexico, in his official capacity, Defendants.

Desmesia Padilla, Lawrence Pena, Della Vega, Kent L. Cravens and Gloria Casares Vaughn, Plaintiffs,

v.

Gary E. Johnson, Governor of the State of New Mexico, in his official capacity, Defendant.

No. CIV01–1077BB/RLP–ACE, CIV01–1081JC/LFG.

United States District Court, D. New Mexico.

Oct. 18, 2001.

Before BALDOCK and KELLY, Circuit Judges, and BLACK, District Judge.*

ORDER

BALDOCK, Circuit Judge.

With the 2002 federal and state elections forthcoming, this case arises from a dis-

* Three-judge panel convened pursuant to 28 U.S.C. § 2284.

pute over failed redistricting attempts in the State of New Mexico based on the 2000 census. On October 10, 2001, we entered an order for the parties to show cause why this Court "should not require those parties empowered to do so to employ a good-faith effort to construct a redistricting plan, before further proceedings in this case." We based our order on our decision in *Sanchez v. King*, 550 F.Supp. 13, 15 (D.N.M.) (three-judge court), *aff'd*, 459 U.S. 801, 103 S.Ct. 32, 74 L.Ed.2d 46 (1982), wherein we explained:

> Reapportionment is a legislative function, and the location and shape of districts is within the discretion of the State Legislature so long as the Constitution is complied with.... Courts are not designed to perform the task of reapportionment and judicial relief becomes appropriate only when a State Legislature fails to reapportion according to federal constitutional standards, after having had an opportunity to do so. *Reynolds v. Sims*, 377 U.S. 533, 586, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).

Meanwhile, prior to the October 17 scheduled hearing on our show cause order, the New Mexico State District Court, on October 15, held an initial hearing of its own in a case seeking similar relief, namely *Jepsen v. Vigil–Giron*, Nos. D0101 CV 2001–02177, –02178, –02179 (N.M. 1st Jud. Dist., filed Sept. 13, 2001) (consolidated). As a result of that hearing, the state court on October 16 entered a detailed scheduling order setting an expedited state trial schedule, while first providing the New Mexico Legislature and Governor a reasonable time period to enact constitutional redistricting legislation. Given the pendency of state proceedings designed to resolve the redistricting dispute, the question now arises how we should proceed in the present matter.

■ In *Growe v. Emison*, 507 U.S. 25, 113 S.Ct. 1075, 122 L.Ed.2d 388 (1993), a unanimous Supreme Court stated that in the reapportionment context, federal judges are "to defer consideration of disputes involving redistricting where the State, through its legislative *or* judicial branch, has begun to address that highly political task itself." *Id.* at 33, 113 S.Ct. 1075 (emphasis in original). This is because "reapportionment is primarily the duty and responsibility of the State through its legislature or other body, rather than of a federal court. Absent evidence that these state branches will fail timely to perform that duty, a federal court must neither affirmatively obstruct state reapportionment nor permit federal litigation to be used to impede it." *Id.* at 34, 113 S.Ct. 1075 (internal quotations and citation omitted); *see also Lawyer v. Department of Justice*, 521 U.S. 567, 576–77, 117 S.Ct. 2186, 138 L.Ed.2d 669 (1997) (Where a state timely takes the opportunity to make its own redistricting decisions, "the discretion of the federal court is limited except to the extent that the plan itself runs afoul of federal law.").

■ The Court in *Growe* emphasized, however, that in reapportionment matters the law requires federal court "deferral, not abstention." *Growe*, 507 U.S. at 37, 113 S.Ct. 1075. A federal court may properly establish a deadline by which, if the state legislature or judiciary has not acted, it may proceed. *Id.* at 36, 113 S.Ct. 1075. A federal district court is justified in adopting its own redistricting plan if it becomes apparent that the state legislature or judiciary, through no fault of the federal court, would not develop a redistricting plan in a timely manner. *Id.*

Thus, while we have and *will retain* jurisdiction over this matter, we choose *at this time* to defer consideration of the merits of any proposed redistricting plan for the State of New Mexico. At this stage, the record does not appear to sup-

port a conclusion that the state legislature or judiciary is either unwilling or unable to adopt a redistricting plan in a timely manner. *See id.* at 36–37, 113 S.Ct. 1075. It is therefore-

ORDERED that this Court, while retaining jurisdiction over this matter, shall defer, for the time being, to the State of New Mexico's efforts, be they legislative or judicial, to adopt a redistricting plan in accordance with federal law;

ORDERED that this Court reserves the right to establish a date certain by which, if the State of New Mexico has not adopted a redistricting plan in accordance with federal law, this Federal District Court will proceed;

ORDERED that counsel for Ben Lujan, Jr. as Speaker of the New Mexico House of Representatives, namely, Luis G. Stelzner and Richard E. Olson, and counsel for Walter Bradley as Presiding Officer of the New Mexico Senate, namely Mark D. Jarmie and Jason Bowles, file on November 2, 2001, and every two weeks thereafter until further order of the Court, a consolidated status report of no more than five pages regarding state proceedings designed to adopt a redistricting plan in accordance with federal law.[1]

---

1. This order resolves intervenors "Motion to Defer to State's Timely Efforts to Redraw Congressional, State Senate, and State House Districts." (# 31).